IRWIN-UNION TRUST COMPANY *v.* TREMBLY.

[No. 14,829. Filed March 28, 1934.]

*Frank N. Richman, Julian Sharpnack, Edgar M. Blessing,* and *Charles McGaughey,* for appellant.

*Otis E. Gulley* and *Gillen & Lyon,* for appellee.

KIME, J.—This action was commenced by a complaint in one paragraph upon a promissory note in the sum of $2,035.00, on which credits were admitted in the sum of $1,278.30, alleging that the balance, with interest and attorneys' fees, was due and unpaid. To this complaint appellee filed answer in general denial and a second paragraph of answer alleging payment. Appellee then filed a counterclaim alleging that appellant entered into an agreement with one Nora Houk, whereby she constituted appellant her agent to sell her interest in the real estate of her husband, a bankrupt, whose estate was then being administered in the Federal Court. That the appellant was to collect the proceeds from the sale of this interest and pay $300.00 to one Sommerville, and apply the remainder on the note. Appellee claimed that there was realized $1,501.66 from this sale, which ought to have

been credited on the note, but that there was credited only $528.30. Appellee also alleged that there was an agreement whereby the appellant was to credit an additional $405.00, which had not been done. The appellee asked for judgment in the sum of $543.01, the amount claimed to have been overpaid to appellant.

Upon these issues trial was had by the court and judgment was rendered that appellant take nothing by its counter-claim, with costs against each party. Appellant filed motion for a new trial which was overruled and such action is assigned as error here.

The motion for new trial contained three specifications: (1) that the decision of the court is not sustained by sufficient evidence; (2) that it is contrary to law; (3) that the amount of the recovery is erroneous, being too small. There was competent evidence introduced from which the court could find that there had been paid upon the note $528.30, which is the difference between $828.30 received from the one-third interest of Mrs. Houk and the $300.00 which was paid to Sommerville. There was also evidence from which the court could decide, as it evidently did, that there was credited on the note the sums of $55.00, $130.00, and $275.00. From these facts it can be seen that the principal of the note was overpaid in the sum of $231.60, which the court concluded was sufficient to take care of interest and attorney's fees for the collection thereof. With this evidence it can not be said that the decision is not sustained by sufficient evidence or that it is contrary to law. From the above evidence it is clear that the third assignment, that the assessment is erroneous because it is too small, has no merit.

Finding no reversible error the judgment of the Hendricks Circuit Court is affirmed.